# UNITED STATES Eastern District COURT OF Wisconsin

Marques Earl Harris, Plaintiff
v
Officer Stuchara etc.
BHL

Pg. 1
Signature) [signed]
Date) 2/1/26
Court case # 2025-CV-140-BHL

U.S. District Court
Wisconsin Eastern
MAR 04 2026
FILED
Clerk of Court

## Motion to lift stay and reopen case.

I, Marques Earl Harris appearing pro se is writing this motion in regards to ask the courts to lift the stay on the case and reopen the case. The defendants in this case brought a motion to the courts asking to stay the case due to possible interference with Harris' ongoing appeal which is challenging his conviction. The defendants felt due to Harris past denial of his motion to suppress evidence in the circuit court. He is now raising the same claims challenging his conviction or in connection with his 24CF505 which could invalidate his conviction if ruled on by this court. However, the information brought to the courts was inaccurate due to the circuit courts rulings, which I now have attached a copy of Pg-65-75 of the motion hearing transcript proceedings from Harris circuit court #24CF505 case. Explaining the outcome and rulings given by honorable Judge Katie B. Kegel. Harris challenges or raises only claims of the initial entry and searches by defendants before consent was given in this case. On appeal Harris is challenging his conviction by arguing that the consent given was tainted due to the undisputed and already established by the circuit court unlawful entry and searches. The judge explained and ruled there were no exigent circumstances to enter or conduct Protective Sweep Search and that officers exceeded the lawful bounds or scope of a protective sweep →

# Searches Conducted

The officers ultimately conducted 4 searches at harris apartment on January 19, 2024. Harris only brings the first 3 searches conducted undisputedly ~~and~~ unlawful absent consent, warrant or exception to the warrant requirement which went unjustified and established unlawful by the circuit court already to this courts attention for review.

First search. Took Place when officer Dearing push the door open ~~absent~~ with his hand and gain visual access into the interior of the Apartment Absent exigent circumstances or consent.

Second search. Took place once officers fully entered the Apartment and conducted a full scale search as a "Protective sweep". That also went unjustified to begin with by the courts.

Third search, took place after the protective sweep search was over. The officers decide to remain inside the Apartment and look around with flashlights looking for addition contraband.

Fourth search, took place Pursuant to consent being given by plaintiff After the establish unlawful conduct.

Pg. 3

The Circuit Court of Milwaukee, WI by honorable Judge Katie B. Kegel stated or established There were no exigent circumstances or identifiable facts to get into the apartment Before The officer decides to Push The Door open with his hand Preventing Harris from closing his Door. Once officers Push The Door open and upon entry into The Apartment The officers see a second a Person They decide to freeze The scene and detain Harris and His brother. The Circuit Court again ruled There were still no exigency or identifiable facts to go any deeper into The Apartment to conduct search. Based off The officer Behavior during That search The Circuit Court disagreed That officers only looked in areas large enough for a Person and The Circuit Court ruled That There was clearly a desire to get into The Apartment to see what they could find. The Circuit Court Also find The officers Behavior after The Protective sweep Unlawful. Acknowledging That The officer decide to remain inside the home To continue to look around The Apartment with There flashlights inside Smaller areas of The Apartment. Harris was forced outside The Apartment during The searches, He was not free to move. The entire incident was caught on camera which was viewed by The judge and The court during the motion hearing. After The Circuit Court concluded All That information, They stated That The evidence would be suppressed due to Them facts. But ultimately Harris did give voluntary consent After That. Even though The drugs were Already found The Court felt They were ~~gonna~~ going to be found Anyway.

Pg. 4

Volmar Distribs., Inc. v N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) Staying civil action until resolution of parallel criminal proceedings "to" Avoid duplication of efforts and unnecessary litigation cost and Because the outcome of the criminal case may encourage settlement of the case

Harris now relies on McDaniel v. Milwaukee Police Dept., Case No. 24CV-504, 2024 WL 3273793 (E.D. Wis. July 2, 2024.) The decision in that case brought by Judge Stadtmueller allowed Plaintiff to proceed on Fourth Amendment claims of excessive force because he determined that those claims will "not" necessarily imply the invalidity of Plaintiff's conviction in the state case. Harris case is similar and should be allowed to proceed on his Fourth Amendment claims.

Harris have provided transcripts along with a written statement by the state prosecutors in charge of the Appeal by the Respondants stating "The state does not dispute that officer's search outside lawful bounds of Protective sweep". which makes that an undisputed unlawful search. Harris focuses his Appeal on suppressing the evidence found during that search as direct fruits of unlawful search and to invalidate the consent as tainted by the prior unlawful search. Harris Fourth Amendment claims have not and will not imply the invalidity of Harris conviction in the state case and therefore should be able to proceed. Due to the facts given in this motion, Harris ask the courts to allow him to proceed and lift the stay. Signature: [signature] Date 2/1/26

Pg 5

Harris feel that the established illegalities didn't invalidate his conviction in the circuit court and shouldn't invalidate them in this court.

For more information if needed Harris Appeal # 2025AP804-CR and his Circuit case # is 2024CF505. I would like to thank the court for their time and ask the court to grant Harris Motion.

Harris updated address is
Kettle Moraine Correctional Institution
P.O. Box 282, Plymouth WI 53073

Signature: _____

Date: 2/1/26