MARQUES EARL HARRIS,

                      Plaintiff,

      v.                                        Case No. 25-cv-0140-bhl

NICK STACHULA et al.,

                      Defendants.

## DECISION AND ORDER

Plaintiff Marques Earl Harris, who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, is proceeding on Fourth Amendment claims in connection with his arrest and the search of his home. *See* Dkt. No. 8. On May 9, 2025, the Court granted Defendants' motion to stay this case pending resolution of the state court proceedings in *Wisconsin v. Harris*, Milwaukee County Case No. 2024CF505. The Court explained that "the potential for federal-state friction is obvious," and that the policy against federal interference with pending state proceedings could be frustrated if Harris were to prevail in this action before the state appellate proceedings are resolved. Dkt. No. 22 (quoting *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995)). The Court administratively closed the case and informed Harris he could file a motion to reopen the case and lift the stay within sixty days of all state court proceedings having been resolved.

On March 4, 2026, Harris filed a motion to reopen the case. He asserts that he should be allowed to proceed with his claims because a judgment in his favor would not necessarily imply the invalidity of his state criminal conviction or sentence. Harris misunderstands why this case is stayed. As explained in the screening order, Harris may proceed with Fourth Amendment claims based on allegations that Defendants illegally entered and searched his home and illegally detained him. *See* Dkt. No. 8. The Court stayed this case because Harris may not proceed with his claims *until after the state court proceedings are resolved.* The reason he may not proceed with those claims immediately is that if he were "to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine

the [state] supreme court's consideration of [his] constitutional defenses to his criminal conviction." *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). "The policy against federal interference with pending state proceedings would thus be frustrated . . . ." *Id.* Accordingly, Haris must wait to litigate *this* case until after his appeal of his criminal conviction works its way through the state appellate process. Once the state appellate process is completed, Harris may move to reopen this case and lift the stay.

**IT IS THEREFORE ORDERED** that Harris' motion to reopen this case and lift the stay (Dkt. No. 23) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on April 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2